UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

STOCK MARKET RECOVERY
CONSULTANTS INC.

                            Plaintiff,                    **ORDER ADOPTING REPORT**
    -against-                                     **AND RECOMMENDATION**
                                                             13-CV-193 (PKC) (VVP)

VIRGINIA M. WATKINS and
ALLISON J. WATKINS DUNHAM,

                            Defendants.

----------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

Plaintiff Stock Market Recovery Consultants Inc. ("SMRC" or "Plaintiff") initiated this action on January 11, 2013 to recover fees allegedly owed by Defendants Virginia M. Watkins ("Watkins") and Allison J. Watkins Dunham ("Dunham") (collectively, "Defendants") for services rendered by SMRC in settling Defendants' potential claims against UBS Financial Services, Inc. regarding a UBS brokerage account ("UBS Account"). On May 16, 2014, the parties cross-moved for summary judgment with respect to various claims in the case. This matter was referred to the Honorable Viktor V. Pohorelsky for a Report and Recommendation ("Report"), pursuant to 28 U.S.C. § 636(b).

On May 4, 2015, Judge Pohorelsky issued his Report, recommending, in sum and substance, that the Court: (1) grant Plaintiff summary judgment on its breach of contract claim, but only as to half of the amount of fees sought (Report at 10); (2) dismiss Plaintiff's unjust enrichment claim (*id*. at 11); (3) deny Plaintiff's request for attorneys' fees and costs (*id*. at 14); (4) deny Defendants summary judgment on Plaintiff's intentional interference claim (*id*. at 17); (5) grant Defendants summary judgment dismissing Plaintiff's requests for declaratory

judgments affirming Watkins's sole ownership of the UBS Account and Dunham's lack of rights with respect to that account (*id*. at 17-18); and (6) grant Defendants summary judgment on Plaintiff's request for a declaratory judgment affirming Plaintiff's right to recover fees for services performed on Watkins's behalf, on the basis of mootness (*id*. at 18).

On May 18, 2015, Defendants timely filed its objections to the Report, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure ("FRCP") and 28 U.S.C. § 636[1] (Plaintiff's Objection to the May 4, 2015 Report and Recommendation of Magistrate Judge Pohorelsky ("Pl. Obj."), Dkt. 46). On June 1, 2015, Defendants timely filed their response. (Defendants' Response to Plaintiff's Objections to the May 4, 2015 Report and Recommendations of Magistrate Judge Pohorelsky ("Def. Opp."), Dkt. 47.) Defendants did not file any objections to the Report; rather, Defendants argue that the Report should be adopted. *Id*. at ECF 7.[2]

Plaintiff raises two objections: (1) Judge Pohorelsky's finding that the evidence established Defendants' joint tenancy in the UBS account was erroneous; and (2) even assuming Defendants were joint tenants in the UBS Account, Watkins had actual or apparent authority to bind the funds in the account with respect to the agreement with SMRC, such that SMRC is entitled to 50% of the entire negotiated recovery of $300,000, instead of 50% of Watkins's $150,000 share. (Pl. Obj. at 2-3.)[3] For the reasons set forth below, the Court rejects Plaintiff's

---

[1] Plaintiff incorrectly cites 28 U.S.C. §363(b)(1)(C) in its objections (Plaintiff's Objections ("Pl. Obj."), Dkt. 46, at 2), which the Court presumes be a typographical error.

[2] "ECF" refers to pagination generated by the Court's electronic docketing system and not the document's internal pagination.

[3] Plaintiff's characterization of these two issues as "errors" by Judge Pohorelsky is incorrect, since Plaintiff never raised its actual-or-apparent-authority argument during summary judgment briefing before Judge Pohorelsky.

first argument, but finds sufficient merit in the second argument—which Defendants raise for the first time—to defeat summary judgment on that aspect of Plaintiff's breach of contract claim.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1) and FRCP 72(b)(3), the Court adopts the findings and recommendations in Judge Pohorelsky's well-reasoned and thorough Report, including the grant of summary judgment to Plaintiff on its breach of contract claim with respect to Watkins's share of the UBS Account, except that the Court finds that there is a genuine issue of fact as to whether Watkins possessed apparent authority to bind Dunham and all of the funds in the UBS Account with respect to the retainer agreement Watkins entered into with SMRC. Plaintiff's breach of contract claim, therefore, survives with respect to Dunham's share of the UBS Account, based solely on the theory that Watkins had apparent authority to bind Dunham and the entire UBS Account.

## I.   STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); FRCP 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, No. 08 Civ. 322, 2011 WL 933846, at *1 (S.D.N.Y. March 16, 2011); *Frankel v. N.Y.C.*, No. 06 Civ. 5450, No. 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009)). "After reviewing the Report-Recommendation, the Court may

'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.'" *O'Diah*, 2011 WL 933846, at *2 (quoting 28 U.S.C. § 636(b)(1)(C)).

## II. ANALYSIS

### A. Summary Judgment Was Properly Granted to Defendants Regarding Dunham's Ownership Interest in the UBS Account

Plaintiff's objection to Judge Pohorelsky's finding that the evidence sufficiently established Dunham's co-ownership interest simply revives the same arguments and evidence that Plaintiff relied on its summary judgment briefing. *O'Diah*, 2011 WL 933846, at *1 ("[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error."). Nonetheless, based on its de novo review of this matter, the Court finds no reason to reach a different conclusion than Judge Pohorelsky did. Indeed, the Court is persuaded that the evidence cited by Plaintiff "falls short demonstrating that the joint nature of the account was for convenience only" and is thus insufficient to rebut the presumption of Defendants' joint tenancy in the UBS Account. (Report at 9 (internal quotation marks omitted).).

### B. Watkins's Apparent Authority Regarding the UBS Account

In its second objection, Plaintiff contends that even if Defendants are joint tenants in the UBS Account, Watkins had the actual or apparent authority to bind the entire UBS account, including Dunham's 50% share. (Pl. Obj. at 3.)

### 1. Whether to Consider Plaintiff's New Argument

As an initial matter, the Court must decide if it should consider Plaintiff's authority argument, which is being raised for the first time in Plaintiff's objections. "Whether a party may raise a new legal argument . . . for the first time in objections to [a magistrate judge's report and recommendation] has not yet been decided in this Circuit." *Levy v. Young Adult Institute, Inc.*, No. 13 Civ. 2861, 2015 WL 1958889, at *4 (S.D.N.Y. Apr. 30, 2015) (quoting *Amadasu v. Ngati*, No. 05 Civ. 2585, 2012 WL 3930386, at *5 (E.D.N.Y. Sept. 9, 2012) (quotation marks omitted)). Because of the de novo nature of a district court's review of a magistrate judge's report and recommendations, some courts have held that the district court must consider all arguments, regardless of whether they were raised before the magistrate judge. *See Wells Fargo Bank N.A. v. Sinnot*, 2010 WL 297830, at *2 (D. Vt. Jan.19, 2010) (citing *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992)). "Some courts in this circuit have stated, as a general matter, that a 'party waives any arguments not presented to the magistrate judge.'" *Levy*, 2105 WL 1958889, at *4 (quoting *Watson v. Geithner*, No. 11 Civ. 9527, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013) (emphasis omitted in *Levy*)). Other courts have held that district courts should not consider these belatedly made arguments because doing so negates "efficiencies gained through the Magistrates Act and would permit litigants to change tactics after the issuance of [a report and recommendation]." *Amadasu*, 2012 WL 3930386, at *5 (citing cases); *see Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate."). Still others apply a multi-factor test in deciding whether to exercise its discretion to consider arguments raised for the first time at the objection stage:

> (1) the reason for the litigant's previous failure to raise the new legal argument; (2) whether an intervening case or statute has changed the state of the law; (3) whether the new issue is a pure issue of law for which no additional fact-finding is required; (4) whether the resolution of the new legal issue is not open to serious question; (5) whether efficiency and fairness militate in favor or against consideration of the new argument; and (6) whether manifest injustice will result if the new argument is not considered.

*Amadasu*, 2012 WL 3930386, at * 5 (citing *Wells Fargo Bank N.A.*, 2010 WL 297830, at *2 ).

Here, the first three factors weigh against permitting Plaintiff's new argument. There is no excuse, and Plaintiff offers none, for its failure to raise this issue before Judge Pohorelsky. The argument about Watkins's authority is not based on any new law or facts, and obviously could and should have been made earlier. This is clearly a situation where letting Plaintiff belatedly raise this theory would thwart "the efficiencies gained through the Magistrates Act and . . . permit [Plaintiff] to change tactics after the issuance of [a report and recommendation]." *Amadasu*, 2012 WL 3930386, at *5 (citing cases).

The second three factors, however, generally favor consideration of Plaintiff's argument. As discussed *infra*, there is a serious question about whether Plaintiff can demonstrate Watkins's apparent authority, and this issue is central—at least now—to Plaintiff's theory of recovery. Because this argument is the only way for Plaintiff to salvage half of their breach of contract claim, which could result in the recovery of an additional $75,000, fairness arguably "militate[s] in favor . . . of the new argument", as does the need to avoid "manifest injustice". *Id*. Lastly, Defendants have had a full opportunity to respond to this new argument, and has done so, in its opposition to Plaintiff's objections. (Def. Opp. at 5-6.)

Accordingly, because the Court finds that the balance of these factors tips slightly in Plaintiff's favor and because of the Court's general reluctance to preclude consideration of

potentially meritorious arguments, even when not timely made, the Court addresses Plaintiff's new argument about Watkins's actual or apparent authority.

## 2. Plaintiff Has Not Created an Issue of Fact Regarding Watkins's Actual Authority

Plaintiff has not produced sufficient evidence to create an issue of fact regarding Watkins's actual authority to bind Dunham and the entire UBS Account. Actual authority "is the power of the agent to do an act or to conduct a transaction on account of the principal which, with respect to the principal, he is privileged to do because of the principal's manifestations to him." *Dinaco, Inc. v. Time Warner, Inc.*, 346 F.3d 64, 68 (2d Cir. 2003) (quoting *Minskoff v. American Express Travel Related Servs. Co., Inc.*, 98 F.3d 703, 708 (2d Cir. 1996)); *see also Cromer Finance Ltd. v. Berger*, 137 F. Supp. 2d 452, 486 (S.D.N.Y. 2001) ("Actual authority arises from a manifestation [of consent] from principal to agent.") (citations omitted).

To the extent Plaintiff argues that simply by virtue of being a joint tenant in the UBS Account, Watkins had actual authority to bind Dunham's share of the UBS Account, the Court has already rejected that argument. As Judge Pohorelsky found, "[b]y entering into a retainer agreement that involved her interest in the UBS account, Watkins did not interfere with Dunham's entitlement or otherwise bind Dunham to SMRC." (Report at 10.)[4]

---

[4] Indeed, there is no direct evidence of Watkins's actual authority, such as a representation that she alone controlled or was authorized to act with respect to the UBS Account. Nor is there any evidence that Watkins claimed to be entering into the agreement with SMRC on behalf of Dunham. Indeed, as Judge Pohorelsky noted, the contract was executed solely between SMRC and Watkins without any reference to Dunham. (Report at 7.) Plaintiff argues that Watkins's actual authority to bind Dunham and the entire UBS Account can be inferred from that fact that: (1) Watkins told SMRC that all of the funds in the UBS account were hers, and not Dunham's; and (2) Watkins did not tell SMRC that she could not hire them to represent her in pursuing FINRA arbitration for the UBS Account. (Plaintiff's First Request for Admissions, Dkt. 39-9, ¶¶ 34, 36; *but see*, Dkt. 39-9 ¶ 35 (Watkins denied ever telling SMRC that Dunham "had no ownership in the UBS Account.").) These two facts, however, are consistent with Dunham's

Plaintiff, however, also argues that a grant of actual authority by Dunham as the principal to Watkins as the agent can be inferred based on the fact that Dunham initially did not interfere with or stop Watkins from entering into an agreement, and working, with SMRC on the UBS arbitration. Plaintiff argues that "[g]iven Dunham's inaction, it may be logically presumed that Watkins, rightfully, inferred that in her capacity as joint tenant she had the authority to seek representation for the entirety of the UBS Account in seeking recourse against UBS[.]" (Pl. Ojb. at 8.) Clearly, this argument is based on nothing more than unsupported speculation, and does not create an issue of fact as to Watkins's actual authority to bind Dunham as a joint tenant in the UBS Account.[5]

### 3. Plaintiff Has Created an Issue of Fact Regarding Watkins's Apparent Authority

Plaintiff argues, in the alternative, that Watkins possessed apparent authority to bind Dunham and the entire UBS Account when she entered into a contract with SRMC. (Pl. Obj. at 9.) "To adequately plead the existence of apparent authority, a plaintiff must allege 'words or conduct of the *principal*, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction on behalf of the principal.'" *Spagnola v. Chubb Corp.*, 264 F.R.D. 76, 90 (S.D.N.Y. 2010) (quoting *Cromer Finance*, 137 F. Supp. 2d at 486 (quoting *Standard Funding Corp. v. Lewitt*, 89 N.Y.2d 546, 550 (1997)) (emphasis in *Standard Funding*))). To recover on a theory of apparent authority, a party must establish that: "(1) the principal was responsible for the appearance of authority in the agent to

---

ownership interest in the UBS Account, which was clearly documented and testified to by Defendants.

[5] Indeed, even Plaintiff seems to recognize the weakness of this argument. *See* Pl. Obj. at 8 ("it is true that the existence of actual authority depends upon the actual interaction between the putative principal (Dunham) and agent (Watkins), and not on any perception a third party (SMRC) may have of the relationship").

conduct the transaction in question, and (2) the third party reasonably relied on the representation of the agent." *Id*. (quoting *Herbert Constr. Co. v. Continental Ins. Co.*, 931 F.2d 989, 994 (2d Cir. 1991)).

Here, Plaintiff has put forth enough evidence to create an issue of fact on the issue of whether Watkins possessed apparent authority to bind Dunham and the entire UBS Account. The same statements that are insufficient to establish actual authority may support a claim of apparent authority, *e.g.*, Watkins's statements to SMRC that the UBS Account funds were all hers and that she had the authority to enter into an agreement with SMRC that appeared to relate to the entire UBS Account. That the agreement between Watkins and SMRC did not specify that it only applied to Watkins's share of the account, and that the deal SMRC and Watkins eventually reached with UBS applied to the entire UBS Account similarly tend to support a claim of apparent authority. Watkins's statement that she thought Dunham would sign the settlement brokered by SMRC potentially provides additional support for a claim of apparent authority.

Because determining issues of reasonable perception and reliance are fact-specific, summary judgment is not appropriate on this claim. *Minskoff*, 98 F.3d at 708 ("The existence of apparent authority is normally a question of fact, and therefore inappropriate for resolution on a motion for summary judgment.") Here, there remain many issues of disputed fact about what was said during Watkins's interactions with SMRC and UBS, and whether SMRC reasonably relied on Watkins's or Dunham's actions or statements to infer Watkins's apparent authority to bind Dunham and act on behalf of the entire UBS Account.[6]

---

[6] Though the Court is permitting Plaintiff to go forward on its breach of contract claim as to the entire UBS Account, the Court, as indicated below, still adopts Judge Pohorelsky's recommendation to release to Defendants $100,000 of the $300,000 in the escrow account. As

9

## CONCLUSION

Accordingly, for the reasons set forth in the Report, the Court (1) grants Plaintiff summary judgment on its breach of contract claim as to half of the amount of fees sought, or $75,000 (Report at 10); (2) dismisses Plaintiff's unjust enrichment claim (*id*. at 11); (3) denies Plaintiff's request for attorneys' fees and costs (*id*. at 14); (4) denies Defendants summary judgment on Plaintiff's intentional interference claim (*id*. at 17); (5) grants Defendants summary judgment dismissing Plaintiff's request for declaratory judgments affirming Watkins's sole ownership of the UBS Account and Dunham's lack of rights with respect to that account (*id*. at 17-18); and (6) grants Defendants summary judgment on Plaintiff's request for a declaratory judgment affirming Plaintiff's right to recover fees for services performed on Watkins's behalf (*id*. at 18). The Court also grants Plaintiff's request to proceed on its breach of contract claim with respect to the remaining half of the UBS Account under a theory of apparent authority.

The parties are directed to submit a Joint Pretrial Order that complies with the Court's Individual Rules by November 30, 2015.

SO ORDERED:

/s/
PAMELA K. CHEN
United States District Judge

Dated: September 30, 2015
       Brooklyn, New York

---

Judge Pohorelsky appropriately found, even if Plaintiff prevails on all of the claims in this action, its total recovery is unlikely to exceed $200,000. (Report at 20.)